# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH McKENDALL** | **CIVIL ACTION** |
| **versus** | **NO. 08-5046** |
| **ROBERT TANNER, WARDEN** | **SECTION: "F" (3)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Joseph McKendall, is a state prisoner incarcerated at the B.B. "Sixty" Rayburn Correctional Center, Angie, Louisiana. In 1992, he pleaded guilty to attempted armed robbery and was sentenced to a term of thirty years imprisonment. He was released from

incarceration by diminution of sentence as if on parole in 2006. However, that parole was later revoked on March 18, 2008.

On November 12, 2008, petitioner filed this federal application for *habeas corpus* relief pursuant to 28 U.S.C. § 2254.[1] In his application, petitioner claimed that he was terminated from a drug treatment program for exercising his freedom of speech and that his parole should not have been revoked for his "technical violations."

---

[1] Rec. Doc. 1. Petitioner indicates that he is filing his *habeas corpus* application pursuant to 28 U.S.C. § 2254. Out of an abundance of caution, the Court notes that there is conflicting jurisprudence on the issue of whether claims challenging parole revocations are properly brought under § 2254. State prisoners may, depending on the particular circumstances, bring federal *habeas* claims under either 28 U.S.C. §§ 2241 or 2254. Pursuant to § 2241, prisoners may bring in federal district court claims that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(2). Section 2254 provides authority for district courts to entertain *habeas* claims brought by persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). The weight of authority suggests that federal *habeas* petitions challenging parole revocations are properly brought under § 2254. See, e.g., Carmona v. Andrews, 357 F.3d 535 (5th Cir. 2004); Morrison v. Johnson, 106 F.3d 127 (5th Cir. 1997); Newby v. Johnson, 81 F.3d 567 (5th Cir. 1996); Davis v. Conn, No. 3-07-CV-1141-N, 2007 WL 2428935, at *2 (N.D. Tex. Aug. 27, 2007); Hardemon v. Quarterman, No. 3:06-CV-1630-N ECF, 2006 WL 3372525 (N.D. Tex. Nov. 17, 2006); Hardemon v. Board of Pardon and Paroles, No. 3-06-CV-478-B, 2006 WL 2504002, at *3 (N.D. Tex. Aug. 28, 2006); Daniel v. Cockrell, No. Civ. A. 402CV852Y, 2003 WL 292129 (N.D. Tex. Feb. 4, 2003); Hamilton v. Cockrell, No. Civ. A. 3:02-CV-1685-L, 2002 WL 31415978 (N.D. Tex. Oct. 17, 2002). However, there is other jurisprudence which holds that such challenges more properly fall within § 2241. See, e.g., Moore v. Hargett, No. 94-60844, 1995 WL 450256 (5th Cir. July 7, 1995); Scott v. Travis, Civ. Action No. 07-4150, 2008 WL 161716, at *1 (E.D. La. Jan. 11, 2008); Bailey v. Hubert, Civ. Action No. 05-4972, 2007 WL 1805065, at *4 (E.D. La. June 19, 2007); Bernard v. Hunter, Civ. Action No. 04-3491, 2006 WL 2506140, at * 2 (E.D. La. Aug. 29, 2006); Batiste v. State of Louisiana Board of Pardon and Parole, Civ. Action No. 98-2543, 1999 WL 102027 (E.D. La. Feb. 25, 1999).

Nevertheless, the Court need not try to resolve that apparent conflict in this proceeding. Even if the instant petition were construed as a § 2241 petition, the result here would be the same.

On March 11, 2009, the state responded to petitioner's federal application.[2] In that response, the state contended that the application should be dismissed both because it was untimely filed and because petitioner failed to exhaust his state court remedies as required by federal law.

On April 22, 2009, petitioner filed a "Request for Entry of Default"[3] and a "Motion for Default Judgment."[4]

Also on April 22, 2009, petitioner filed documents entitled "Statement of Claim"[5] and "Amended Statement of Claim."[6] The Court construes those documents as motions for leave to amend the petition. On May 10, 2009, petitioner then filed yet another motion for leave to amend the petition.[7]

## Default

A response on behalf of the state was timely filed in this proceeding.[8] Therefore, petitioner's "Request for Entry of Default" and a "Motion for Default Judgment" have no merit and should be denied.

---

[2] Rec. Doc. 13.

[3] Rec. Doc. 14.

[4] Rec. Doc. 15.

[5] Rec. Doc. 16.

[6] Rec. Doc. 17.

[7] Rec. Doc. 19.

[8] Rec. Doc. 13.

Timeliness of the Federal Application

Because petitioner's original federal application challenges *only* the parole revocation, it was timely if filed within one year of that revocation. See 28 U.S.C. § 2244(d)(1); Ray v. Mitchem, 272 Fed. App'x 807, 809-10 (11th Cir.), cert. denied, 129 S.Ct. 204 (2008); Cook v. New York State Division of Parole, 321 F.3d 274, 280-81 (2nd Cir. 2003); Simmons v. Wilkinson, Civ. Action No. 07-1653, 2008 WL 521366, at *2-4 (W.D. La. Feb. 6, 2008) (Kirk, M.J.) (adopted by Drell, J., on February 27, 2008); Bernard v. Hunter, Civ. Action No. 04-3491, 2006 WL 2506140, at *2 (E.D. La. Aug. 29, 2006). Because petitioner's original application was filed less than eight months after the revocation, it was clearly timely.

Exhaustion of State Court Remedies

Under federal law, an application for federal *habeas corpus* relief may not be granted unless "the applicant has exhausted the remedies *available* in the courts of the State ...." 28 U.S.C. § 2254(b)(1)(A) (emphasis added). Here, as the state acknowledged in its response in this proceeding, it appears that petitioner was not allowed to seek judicial review in the state courts of the claims asserted in his original federal application. Louisiana law apparently allows judicial review of a Parole Board decision *only* when the parolee alleges that he was denied either a revocation hearing or the procedural due process protections specifically afforded by La.Rev.Stat.Ann. § 15:574.9. See La.Rev.Stat.Ann. § 15:574.11; Leach v. Louisiana Parole Board, 991 So.2d 1120, 1124 (La. App. 1st Cir. 2008). In this case, a revocation hearing was held, and, at least in his original federal application, petitioner made no claim that his procedural due process rights were violated. Instead, he simply argued that the Parole Board's decision was incorrect.

Judicial review of that type of claim is "clearly not allowed" under Louisiana law. Leach, 991 So.2d at 1125. When, as is apparently the case here, there is an "absence of available State corrective process," then the exhaustion requirement is excused. 28 U.S.C. § 2254(b)(1)(B)(i); Holland v. Anderson, 230 Fed. App'x 374, 378 n.2 (5th Cir. 2007); see Green v. Patterson, 370 F.2d 560 (10th Cir. 1966); Garvey v. Casson, 423 F.Supp. 68, 70 (D. Del. 1976).[9] Therefore, the exhaustion requirement is inapplicable to the claims asserted in petitioner's original application.[10]

Because petitioner's federal application was timely filed and the exhaustion requirement is inapplicable, the Court will consider his claims.

---

[9] Nevertheless, even if exhaustion were required in this case, a federal court has the authority to deny *habeas* claims on the merits, regardless of whether petitioner exhausted state court remedies and whether exhaustion is waived by the state. 28 U.S.C. § 2254(b)(2); Jones v. Jones, 163 F.3d 285, 299 (5th Cir. 1998); Woods v. Cain, Civ. Action No. 06-2032, 2008 WL 2067002, at *8 n.8 (E.D. La. May 13, 2008).

[10] The Court notes that at least one federal district court has held that it did not have the authority to review a similar claim challenging a decision of the Louisiana Parole Board. Turner v. Hubert, Civ. Action No. 07-794, 2008 WL 1994869 (M.D. La. May 8, 2008). That court reasoned that the petitioner was in effect attempting to appeal the Parole Board's decision. Because La.Rev.Stat.Ann. § 15:574.11(A) provides that such decisions are generally unappealable in the state courts, the federal court concluded that review was likewise precluded in federal court. This Court respectfully disagrees for two reasons. First, a federal *habeas corpus* application is not the equivalent a state appeal, and the statute at issue does not address federal petitions. Second, in any event, the Court rejects the underlying assumption the state statute could validly insulate the Parole Board's decision from federal review or limit this Court's authority in federal *habeas corpus* proceedings.

Facts

On September 21, 1992, petitioner pleaded guilty to attempted armed robbery in violation of Louisiana law and was sentenced to a term of thirty years imprisonment without benefit of probation, parole, or suspension of sentence.[11]

On August 21, 2006, petitioner was released from incarceration by diminution of sentence as if on parole.[12]

On April 23, 2007, petitioner admitted that he was using drugs and having mental health problems. As a result, he was referred to the Lurline Smith Mental Health Center for treatment; however, after several months of treatment, he was removed from that program due to his continued use of drugs and/or alcohol. On October 4, 2007, he failed a drug test and admitted using marijuana and cocaine.[13]

On October 24, 2007, the Parole Board found petitioner guilty of violating the conditions of his parole. However, rather than revoking his parole, the Parole Board elected only to issue petitioner a reprimand and add as a special condition of his parole that he attend and successfully complete a substance abuse program.[14]

---

[11] State Rec. Vol. I of II, transcript of September 21, 1992; State Rec., Vol. I of II, minute entry dated September 21, 1992.

[12] State Rec., Vol. II of II, Diminution of Sentence.

[13] State Rec., Vol. II of II, Violation Report, p. 2.

[14] Rec. Doc. 18; see also State Rec., Vol. II of II, Violation Report, p. 2.

Petitioner then enrolled in a private drug treatment program administered by Addiction Counseling and Educational Resources ("ACER") in Mandeville, Louisiana, starting that program on November 13, 2007. However, within less than a month, petitioner was having attendance problems and acting out in sessions.[15] Eventually, those and other problems led to ACER requiring him to enter into a contract agreeing to certain stipulations in order to remain in the program.[16]

Unfortunately, petitioner failed to comply with those stipulations as agreed. Based on that fact and on an incident on January 8, 2008, ACER discharged petitioner from the program. In a report dated January 10, 2008, ACER staff members stated:

> Client has yet to follow any of the requirements placed by the facility or recommendations of the counselors. Client admitted to continuing to use substances on November 19, 2007, November 23, 2007, December 4, 2007, December 11, 2007 and on December 24th, client reported how hard it is for him to stop drinking thereby implying that he was still doing so. Client has missed group a total of 10 times. Client should have been at session number 27, which means that client should almost be finished with the first half of the program. Client continued to produce positive drug screens, make inappropriate gestures to female group members and staff, client continued to miss group after being told by his counselor not to miss again. Due to client's behavior, client was placed on contract on December 18, 2007 and placed on a waiting list to go inpatient on January 2, 2008. Client was enraged. Client told counselor that he did not care about being locked up again and that the inpatient facility would have to deal with him. He said it in a threatening manner.
> On January 8, 2008, Client came to group and had a negative attitude from the start; this was reflected through his feelings check in. Client was using vulgar language and in a very inappropriate

---

[15] State Rec., Vol. II of II, Notice of Preliminary Hearing, p. 3.

[16] State Rec., Vol. II of II, notice dated December 17, 2007.

manner and tone. Client was very disrespectful towards the group, the group facilitator, the facility, and other counselors. Client reported that the counselor Blakely, his case manager, was the devil and that she is the reason that he feels the way that he does. Client was very rude, angry, and hostile. Counselor told the client that that was enough and the client continued to use aggressive behavior and language. Client was then asked by the facilitator to leave the group. Client left. It was later reported by the other group members that they felt threatened by the client's behavior. Client was staffed by the treatment team and it was decided that this level of care is not appropriate and that he is not welcomed back to this facility. The staff feels that now they are forced to work in a hostile environment due to this client's criminal past. Staff feels that they have to take extra measures and precautions to keep mainly the clients safe and themselves. All members of the staff are intimidated and concerned with their safety due to this discharge.[17]

In another report dated January 15, 2008, ACER staff stated:

Antonio McKendall was discharged from Addiction Counseling and Educational Resources on January 8, 2008. Antonio was enrolled in the Intensive Outpatient Program. Antonio was discharged negatively from the facility as the result of a rage episode displayed in group on January 8, 2008. He was asked to leave the group at the time of the incident. At that point, Antonio was making group an unsafe environment for the other group members and the facilitator.[18]

On March 18, 2008, petitioner appeared before the Parole Board for a formal revocation hearing. Based on the evidence at that hearing, the Parole Board revoked petitioner's parole after finding him guilty of violating the special condition of his parole that he attend and successfully complete a substance abuse program.[19]

---

[17] State Rec., Vol. II of II.

[18] State Rec., Vol. II of II.

[19] State Rec., Vol. II of II, Parole Revocation Decision dated March 18, 2008.

Original Claims

To be entitled to federal *habeas corpus* relief, petitioner must show that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Engle v. Isaac, 456 U.S. 107, 119 (1983). With respect to parole revocation proceedings, the United States Supreme Court has held that the federal Constitution requires that a parolee be afforded "an informal hearing structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior." Morrissey v. Brewer, 408 U.S. 471, 484 (1972). The Supreme Court further held:

> We cannot write a code of procedure; that is the responsibility of each State. ... Our task is limited to deciding the minimum requirements of due process. They include (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. We emphasize there is no thought to equate this second stage of parole revocation to a criminal prosecution in any sense. It is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial.

Id. at 488-89 (footnote omitted).

In the instant case, petitioner was afforded a formal parole revocation hearing, and he did not allege that in his original application that he was denied the minimum requirements of

due process noted by the Supreme Court. Instead, he claimed that he should not have been penalized for exercising his freedom of speech by calling his drug counselor "the devil." He also claimed that the Parole Board's decision to revoke his parole for failing to complete a drug treatment program was an unduly harsh penalty in light of the fact he suffers from mental illness and had not been arrested on any new criminal charges since his release.

As a preliminary matter, the Court notes that petitioner's claim that ACER violated his First Amendment right to freedom of speech by terminating him from the treatment program is not cognizable under § 2254. In this proceeding, petitioner may challenge only the validity of his incarceration as a result of Parole Board's revocation of his parole. Although his termination from the private drug treatment program played a role in his revocation, ACER's independent action simply is not reviewable in a *habeas corpus* proceeding.[20]

Further, to the extent that petitioner is contending that there was insufficient evidence for the Parole Board to revoke his parole, that contention has no merit. Where a petitioner

---

[20] In any event, it is clear that petitioner was not terminated from the treatment program based solely on his comment. He was terminated for numerous reasons, including his continued positive drug screens, his inappropriate gestures to female group members and staff, his failure to attend group meetings, and his hostile and threatening behavior which disrupted group meetings and frightened staff members and patients alike. Moreover, even if ACER discharged petitioner based in part on the comment, that action would not violate the First Amendment because ACER is a private corporation, not a state actor. See McKendall v. Blakely, Civ. Action No. 08-4722, 2008 WL 5083829, at *2 (E.D. La. Nov. 26, 2008). "[I]t is fundamental that the First Amendment prohibits governmental infringement on the right of free speech. Similarly, the Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities." Rendell-Baker v. Kohn, 457 U.S. 830, 837 (1982). "[A] private actor cannot actionably suppress first amendment rights ...." Albright v. Longview Police Department, 884 F.2d 835, 841 (5th Cir. 1989).

challenges the sufficiency of the evidence to support a parole revocation, a federal *habeas* court need "inquire only whether there is *some evidence* to support the revocation decision." Moore v. Hargett, No. 94-80844, 1995 WL 450256 (5th Cir. July 7, 1995) (emphasis added); Callahan v. Quarterman, No. 3-07-CV-0746-B, 2008 WL 2123748, at *2 (N.D. Tex. May 19, 2008); Williams v. Director, TDCJ-CID, Civ. Action No. 9:07cv67, 2007 WL 2408529, at *5 (E.D. Tex. Aug. 21, 2007). In this case, the evidence was clearly sufficient to prove that petitioner failed to comply with the parole requirement that he attend and successfully complete a substance abuse program. Indeed, petitioner does not even argue that he did in fact successfully complete such a program.

Lastly, to the extent that petitioner is contending that the Parole Board should have exercised its discretion to impose a lesser sanction, that contention fares no better. Even if the Court were free to secondguess the Parole Board's exercise of its discretion in that regard, it would not reach a contrary conclusion. The evidence reflects that petitioner repeatedly violated the terms of his parole, even *after* being issued a reprimand by the Parole Board. Despite being afforded that second chance, petitioner continued to miss meetings, use drugs and alcohol, and be uncooperative with his drug counselors. His demonstrated and continued failure to comply with the parole conditions fully justified the Parole Board's discretionary decision to revoke his parole.

<u>Motions to Amend the Petition</u>

On April 22, 2008, petitioner filed documents entitled "Statement of Claim" and "Amended Statement of Claim."[21] The Court construes those documents as motions for leave to amend the petition.

---

[21] Rec. Docs. 16 and 17.

In the first motion, petitioner seeks leave to amend his federal application to add the following claims: (1) a drug test on November 9, 2007, violated his rights because "it is not part of my conditions for release"; (2) the denial of his request for counsel at his preliminary revocation hearing violated his due process rights; (3) his right of freedom of speech was violated; (4) he was denied a copy of the evidence used to determine probable cause; and (5) La.Rev.Stat.Ann. § 15:574.8(G) is unconstitutional.

In the second motion, petitioner seeks leave to amend his federal application to add a claim that he should be released because he is experiencing "extrem[e] mental problems" in jail.

On May 10, 2009, petitioner filed yet another motion for leave to amend the petition.[22] In that motion, petitioner seeks leave to add claims that the Parole Board violated his due process rights at the revocation hearing by failing to provide him with copies of all evidence and by failing to appoint counsel to represent him.

A *habeas corpus* petition "may be amended ... as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. The Civil Rule on amended pleadings, Rule 15 of the Federal Rules of Civil Procedure, instructs:

> (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course:
>
> (A) before being served with a responsive pleading; or
>
> (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.

---

[22] Rec. Doc. 19.

> (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a).

Because the state's response was filed before the motions for leave to amend, and because the opposing party has not consented to the proposed amendments, those amendments require leave of court. In ruling on a motion for leave to amend, the Court may consider, *inter alia*, the futility of the proposed amendments. Gregory v. Mitchell, 634 F.2d 199, 203 (5th Cir. 1981); Alexander v. Cain, Civ. Action No. 05-0683, 2007 WL 121722, at *4 (E.D. La. Jan. 12, 2007).

In the instant motions, petitioner proposes the amendments previously noted. Those amendments should not be allowed for the following reasons.

First, it is unnecessary for petitioner to amend his petition to include a claim that his right to freedom of speech was violated. As noted, that claim was already included in his original petition and is addressed in this opinion.

Second, as to remaining proposed amendments, it would be futile to allow those amendments because the claims would be untimely. As noted, petitioner's parole was revoked on March 18, 2008. Because his motions for leave to amend were filed more than one year later, the claims proposed therein would be timely only if they relate back to the filing date of the original petition. For the reasons below, it is clear that the claims set forth in the remaining proposed amendments would not relate back.

In Mayle v. Felix, 545 U.S. 644 (2005), the United States Supreme Court held that amendments to a federal *habeas corpus* petition made after the statute of limitations has expired

relate back to the date of the original petition *only if* the original and amended pleadings arise out of the same conduct, transaction, or occurrence. Id. at 655 (citing Fed.R.Civ.P. 15(c)(2)). Therefore, relation back is in order only if "the original and amended petitions state claims that are tied to a common core of operative facts." Id. at 664. It is not enough that the claims merely concern the same proceeding. Id.

In his original application, petitioner claimed that he was exercising his freedom of speech when he called his drug counselor "the devil" and that revocation was an unduly harsh penalty. The claims petitioner now wants to add are that he was wrongly made to take a drug test, he was wrongly denied counsel and copies of the evidence used against him at both the preliminary hearing and the parole revocation hearing, § 15:574.8(G) is unconstitutional, and continued incarceration is causing him extreme mental problems. It is evident that those proposed claims are based on events, facts, and evidence separate in both time and type from those on which the original claims are based. Because the proposed claims do not share a common core of operative facts with those asserted in the original petition, they would not relate back and would therefore be untimely.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that petitioner's "Request for Entry of Default," Rec. Doc. 14, and a "Motion for Default Judgment," Rec. Doc. 15, be **DENIED**.

**IT IS FURTHER RECOMMENDED** that petitioner's motions for leave to amend the petition, Rec. Docs. 16, 17, and 19, be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the petition of **Joseph McKendall** for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this nineteenth day of May, 2009.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**